Eugene M. Pak (CA Bar No. 168699)
epak@wendel.com
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Tel:   (510) 834-6600
Fax:   (510) 834-1928

Shawn J. Kolitch (*Pro Hac Vice Pending*)
shawn@kolitchromano.com
**KOLITCH ROMANO LLP**
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Tel    (503) 994-1650
Fax:   (503) 279-4549

Attorneys for Plaintiff Future Motion, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FUTURE MOTION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN HERBERT, dba X FIRE PAINTBALL & AIRSOFT and TACTICAL SKY, and UNKNOWN PARTY dba AUTHENTICDIRECT,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND BREACH OF CONTRACT** |

Plaintiff Future Motion, Inc. ("Future Motion" or "Plaintiff") alleges, based on actual knowledge with respect to Future Motion and Future Motion's acts, and based on information and belief with respect to all other matters, against Defendants STEPHEN HERBERT, doing business as X FIRE PAINTBALL & AIRSOFT and TACTICAL SKY; and an UNKNOWN PARTY Defendant doing business as AUTHENTICDIRECT, as follows:

/ / /

/ / /

/ / /

## NATURE OF THE CASE

This is a civil action for federal trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), false designations of origin and false description in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and breach of contract under California law.

## THE PARTIES

1. Plaintiff Future Motion, Inc. ("Plaintiff" or "Future Motion") is a Delaware corporation with a principal place of business located at 1201 Shaffer Road, Santa Cruz, California 95060.

2. Upon information and belief, Defendant Stephen Herbert is an individual and a resident of Massachusetts, with a mailing address at 850 Southbridge Street, Auburn, Massachusetts 01501.

3. Upon information and belief, Mr. Herbert is doing business as "X Fire Paintball & Airsoft" of Auburn, Massachusetts and Nashua, New Hampshire, and as "Tactical Sky" with no known address.

4. The true name and capacity of the Defendant sued herein as an Unknown Party doing business as AuthenticDirect is unknown to Future Motion, and will be inserted herein by amendment when it has been ascertained, if different from Mr. Herbert.

5. Upon information and belief, Plaintiff alleges that Mr. Herbert is either the Unknown Party doing business as AuthenticDirect, or is doing business relevant to this lawsuit with the Unknown Party doing business as AuthenticDirect.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions under the laws of the United States of America); and 28 U.S.C. § 1338(a), because this case involves a federal question arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051, et seq.

///

7. This Court has supplemental jurisdiction over the breach of contract and unfair competitions claims that arise under state law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Future Motion's claims under federal law that they form part of the same case or controversy in this judicial district and derive from a common nucleus of operative fact.

8. Upon information and belief, Defendant Mr. Herbert and/or the Unknown Party Defendant doing business as AuthenticDirect are subject to personal jurisdiction by this Court, because AuthenticDirect advertises and sells its products to customers within this district. By committing the purposeful act of injecting its products into the nationwide stream of commerce through Amazon.com, including to customers within this district, Defendant reasonably knew or expected that it could be haled into court within this district. In addition, Defendant Mr. Herbert signed a contract and has transacted business with Future Motion within this district. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and (c)(2).

**FACTUAL ALLEGATIONS**

**A.     Plaintiff Future Motion.**

9. Future Motion throughout the United States markets, offers for sale and sells a line of vehicles, namely, self-balancing electronically motorized skateboards, along with related accessories, replacement parts, and merchandise, and operates an online retail store featuring the aforementioned goods at https://onewheel.com.

10. Future Motion has expended significant time and resources developing and marketing its ONEWHEEL® products, as well as protecting its intellectual property rights relating to the products. Worldwide, Future Motion currently holds at least 40 issued patents and at least 45 issued trademark registrations covering its products.

11. Future Motion is the owner of U.S. federal trademark registration no. 4,715,457, on the Principal Register, for the stylized mark ONEWHEEL covering "Vehicles, namely, electronically motorized skateboards" ("the '457 Registration). The '457 Registration was filed on August 11, 2014, was registered on April 7, 2015, and claims a first use in commerce date of at least as early as January 6, 2014. Attached as **Exhibit A** is a true and correct copy of the

1  '457 Registration and a printout from the U.S. Patent & Trademark Office website showing the current status of the '457 Registration.

12. Future Motion is the owner of U.S. federal trademark registration no. 4,715,459, on the Principal Register, for the stylized mark ![mark] covering "Vehicles, namely, electronically motorized skateboards" ("the '459 Registration"). The '459 Registration was filed on August 11, 2014, was registered on April 7, 2015, and claims a first use in commerce date of at least as early as January 6, 2014.  Attached as **Exhibit B** is a true and correct copy of the '459 Registration and a printout from the U.S. Patent & Trademark Office website showing the current status of the '459 Registration.

13. Future Motion is the owner of U.S. federal trademark Reg. No. 5,601,072, on the Principal Register, for the mark ONEWHEEL+XR covering "Self-propelled electric vehicle; Vehicles, namely, electronically motorized skateboards" ("the '072 Registration"). The '072 Registration was filed on March 29, 2018, was registered on November 6, 2018, and claims a first use in commerce date of at least as early as March 13, 2018.  Attached as **Exhibit C** is a true and correct copy of the '072 Registration and a printout from the U.S. Patent & Trademark Office website showing the current status of the '072 Registration.

14. Future Motion is the owner of U.S. federal trademark Reg. No. 5,951,242, on the Principal Register, for the stylized mark ![mark] covering, inter alia, "fenders" ("the '242 Registration"). The '242 Registration was filed on October 10, 2018, was registered on December 31, 2019, and claims a first use in commerce date of at least as early as August 2014.  Attached as **Exhibit D** is a true and correct copy of the '242 Registration and a printout from the U.S. Patent & Trademark Office website showing the current status of the '242 Registration.

15. Future Motion is the owner of U.S. federal trademark Reg. No. 5,953,007, on the Principal Register, for the mark ONEWHEEL covering "Vehicles, namely, electronically motorized skateboards" ("the '007 Registration"). The '007 Registration was filed on November 19, 2018, was registered on January 7, 2020, and claims a first use in commerce date of at least as early as January 6, 2014.  Attached as **Exhibit E** is a true and correct copy of the '007 Registration and a printout from the U.S. Patent & Trademark Office website showing the current status of the

'007 Registration.

16. The marks that are the subject of the '457 Registration, the '459 Registration, the '766 Registration, the '072 Registration, the '242 Registration and the '007 Registration are collectively referred to herein as the "Future Motion Trademarks."

17. Examples of current representative Future Motion goods offered in connection with the Future Motion Trademarks are attached as **Exhibit F**.

18. In addition to its direct online sales, Future Motion sells its products through an extensive network of dealers, all of whom are required to sign an agreement that includes various restrictions on pricing, advertising and other dealer activities. A prominent restriction is that dealers must agree only to sell Future Motion products from their brick-and-mortar stores; dealers are prohibited from reselling Future Motion products online.

19. Future Motion provides a manufacturer's warranty with its vehicles, which becomes void if the product is purchased from an unauthorized reseller, including any online purchase other than directly from Future Motion. Future Motion's warranty policy can be found online at https://onewheel.com/pages/warranty, and a copy is attached as **Exhibit G**.

20. Lithium ion batteries can be damaged if they are exposed to excessive vibration or extreme temperatures. Among other reasons for its prohibition against online resales by dealers, Future Motion believes that such sales increase the chance of improper shipment and/or storage, which could lead to customer safety hazards if the customer unknowingly receives a product with a damaged or stressed Li-ion battery.

**B.  Defendant Stephen Herbert.**

21. Defendant Mr. Herbert, doing business as "Tactical Sky," signed a dealer agreement with Future Motion on February 10, 2017 (the "Contract"). A copy of this signed Contract is attached as **Exhibit H**. The first numbered guideline in the Contract states that "Future Motion restricts sales of Onewheel to dealers' brick-and-mortar locations only."

22. In November 2019, Defendant Mr. Herbert, doing business as "X FIRE," placed an order with Future Motion that included 45 Onewheel Pint vehicles, 48 Onewheel+XR vehicles, and various accessories. A copy of Future Motion's invoice for this purchase is attached as

**Exhibit I**.

23. In late January 2020, Future Motion became aware that its products, including Onewheel+XR vehicles and various accessories, were being offered for sale on the Amazon.com storefront "AuthenticDirect." Attached as **Exhibit J** is a screenshot showing an example of such an offer for sale and demonstrating commercial use of the Future Motion Trademarks.

24. On February 6, 2020, Future Motion, through its counsel, purchased a Onewheel+XR vehicle from the AuthenticDirect storefront on Amazon.com, and on February 12, 2020, the product was received and found to bear serial no. 1945094278. Future Motion determined it had originally sold this product to Defendant Mr. Herbert as part of the purchase reflected in Exhibit I.

25. On February 13, 2020, Future Motion's counsel sent a letter to Mr. Herbert demanding that Mr. Herbert stop selling Future Motion products on Amazon.com, or explain how Future Motion products he purchased became available on Amazon.com  A copy of this letter is attached as **Exhibit K**. Future Motion has not received any response to this letter, and therefore does not know with certainty whether Mr. Herbert is responsible for the AuthenticDirect storefront. Future Motion's products remain available on the AuthenticDirect storefront.

26. Upon information and belief, Defendant Mr. Herbert, or one of his businesses, controls the AuthenticDirect storefront.

27. Upon information and belief, if Mr. Herbert or one of his businesses does not control the AuthenticDirect storefront, then Mr. Herbert purchased Future Motion products and sold them to an Unknown Party that controls the AuthenticDirect storefront.

28. Upon information and belief, if Mr. Herbert or one of his businesses does not control the AuthenticDirect storefront and did not sell Future Motion products to a party that controls the AuthenticDirect storefront, then an Unknown Party that controls the AuthenticDirect storefront is either a Future Motion dealer, or obtained Future Motion products from a Future Motion dealer other than Mr. Herbert.

29. The AuthenticDirect listings of Future Motion products use the Future Motion Trademarks in connection with sales of Future Motion products, at least including electronically

1 motorized vehicles and fenders for such vehicles.

## FIRST CLAIM FOR RELIEF

### (Violations of the Lanham Act: Federal Trademark Infringement)

30. Future Motion hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth herein.

31. Future Motion owns exclusive rights to use each of the Future Motion Trademarks in connection with the goods identified in each respective U.S. Registration.

32. Without Future Motion's consent, Defendant Mr. Herbert or an Unknown Party has used the mark ONEWHEEL in connection with the unauthorized sale, offering for sale, distribution or advertising of Future Motion products, including products covered by the Future Motion Trademarks, through the AuthenticDirect storefront on Amazon.com.

33. The Future Motion vehicles sold through AuthenticDirect are materially different from the Future Motion products sold through authorized channels, because the Future Motion vehicles sold through AuthenticDirect do not include a Future Motion warranty.

34. AuthenticDirect does not inform buyers that the Future Motion warranty does not cover the Future Motion products it sells.

35. The Future Motion vehicles sold through AuthenticDirect are materially different from the Future Motion products sold through authorized channels, because the Future Motion vehicles sold through AuthenticDirect are not stored and shipped under the control of Future Motion.

36. AuthenticDirect does not inform buyers that the Future Motion vehicles sold through AuthenticDirect are not stored and shipped under the control of Future Motion.

37. The unauthorized use of the Future Motion Trademarks in connection with the AuthenticDirect sales of Future Motion products constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. The unauthorized use of the Future Motion Trademarks in connection with the AuthenticDirect sales of Future Motion products is likely to cause confusion, mistake, and/or deception in the marketplace as to the material qualities of the products, and has falsely suggested

1 that the AuthenticDirect sales of Future Motion products have been authorized by Future Motion.

39. As a direct and proximate result of the knowing, deliberate, and willful and/or reckless infringement of Future Motion's rights in the Future Motion Trademarks, Future Motion has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until the actions as alleged herein are enjoined.

40. Upon information and belief, Defendant Mr. Herbert has engaged in the conduct described herein willfully, intentionally, knowingly, and in reckless disregard of the obvious and inevitable injurious consequences of this conduct to Future Motion. In using the Future Motion Trademarks in connection with unauthorized online sales, Defendant Mr. Herbert has a bad-faith intent to trade on and profit from Future Motion's hard-earned goodwill and reputation, and to confuse and mislead the public.

41. If Mr. Herbert does not control the AuthenticDirect storefront, then upon information and belief, an Unknown Party has engaged in the conduct described herein willfully, intentionally, knowingly, and in reckless disregard of the obvious and inevitable injurious consequences of this conduct to Future Motion. In using the Future Motion Trademarks in connection with unauthorized online sales, the Unknown Party Defendant has a bad-faith intent to trade on and profit from Future Motion's hard-earned goodwill and reputation, and to confuse and mislead the public.

42. Each of the Future Motion Trademarks is inherently distinctive or has acquired distinctiveness prior to the acts alleged herein.

43. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## **SECOND CLAIM FOR RELIEF**

**(Violations of the Lanham Act:**

**Unfair Competition and False Designation of Origin)**

44. Future Motion hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth herein.

45. Future Motion alleges federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Future Motion owns exclusive rights to use the Future Motion Trademarks in connection with electronically motorized skateboards and related accessories and merchandise, including vehicle fenders.

47. Upon information and belief, without Future Motion's consent, Defendant Mr. Herbert has used the Future Motion Trademarks in connection with the unauthorized sale, offering for sale, distribution or advertising of Future Motion's vehicles and accessories through the AuthenticDirect storefront on Amazon.com.

48. If Mr. Herbert does not control the AuthenticDirect storefront, then upon information and belief, without Future Motion's consent, an Unknown Party has used the Future Motion Trademarks in connection with the unauthorized sale, offering for sale, distribution or advertising of Future Motion's vehicles and accessories through the AuthenticDirect storefront on Amazon.com.

49. Upon information and belief, Mr. Herbert or an Unknown Party Defendant has engaged in its unauthorized activity despite having actual knowledge of the Future Motion Trademarks.

50. Defendants' actions are likely to lead the public to conclude, incorrectly, that the AuthenticDirect sales of Future Motion products are authorized by Future Motion that the products include a Future Motion warranty, and that the products have been stored and shipped under the control of Future Motion, which will damage both Future Motion and the public.

51. Upon information and belief, Defendant Mr. Herbert or an Unknown Party has advertised and offered Future Motion products under the Future Motion Trademarks with the intention of misleading, deceiving, or confusing consumers as to the material qualities of the products, and of trading on Future Motion's reputation and goodwill.

52. Defendants' unauthorized use of the Future Motion Trademarks in interstate commerce constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a), and is likely to cause consumer confusion, mistake, or deception.

53. Defendants' unauthorized marketing and sale of materially different Future Motion products in interstate commerce using the Future Motion Trademarks constitutes the use of false

descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

54. As a direct and proximate result of the acts of trademark infringement and unfair competition alleged herein, Future Motion has suffered and will continue to suffer loss of income, profits and goodwill, and Mr. Herbert and/or an Unknown Party Defendant have unfairly acquired, and will continue to unfairly acquire, income, profits and goodwill.

55. The acts of trademark infringement and unfair competition alleged herein will cause further irreparable injury to Future Motion if Defendants are not restrained by this Court from further violation of Future Motion's rights. Future Motion has no adequate remedy at law.

56. Defendant Mr. Herbert's activities, or those of an Unknown Party Defendant, have caused confusion or are likely to cause confusion among Future Motion's customers and potential customers.

57. Upon information and belief, the activities alleged herein are done with willful intent to cause confusion.

58. The actions alleged herein have caused and will continue to cause irreparable harm and damage to Future Motion.

59. Upon information and belief, Defendant Mr. Herbert or an Unknown Party Defendant has engaged in the conduct described herein willfully, intentionally, knowingly, and in reckless disregard of the obvious and inevitable injurious consequences of this conduct to Future Motion. In using the Future Motion Trademarks in connection with the sale of materially different products lacking in a manufacturer's warranty and which have been stored and shipped outside Future Motion's control, Defendant Mr. Herbert or an Unknown Party Defendant has a bad-faith intent to trade on and profit from Future Motion's hard-earned goodwill and reputation and to confuse and mislead the public.

60. The Future Motion Trademarks are inherently distinctive or, in the alternative, have acquired distinctiveness prior to Defendant's acts alleged herein.

61. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

62. Future Motion hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth herein.

63. Defendant Mr. Herbert signed the Contract of Exhibit H with Future Motion on February 10, 2017, constituting a valid and enforceable agreement between Mr. Herbert and Future Motion.

64. Future Motion has performed under the terms of the Contract, at least by providing the Future Motion products listed in Exhibit I to Mr. Herbert at wholesale prices.

65. The Contract includes a provision that prohibits dealers from reselling Future Motion products other than at each dealer's brick-and-mortar locations.

66. Upon information and belief, Mr. Herbert has breached the Contract by selling Future Motion products online, at least through the AuthenticDirect storefront on Amazon.com.

67. Future Motion has been damaged by the Amazon.com sales because those sales void the Future Motion warranty, the products are subject to potential damage when shipped and stored outside the control of Future Motion and its dealers, and the seller has not informed buyers of these facts, which is damaging Future Motion's reputation and consumer goodwill.

68. Any unauthorized online sale of a Future Motion product will likely replace a more profitable online sale that would otherwise have been made by Future Motion itself, thereby damaging Future Motion financially.

69. Defendant Mr. Herbert's activities constitute breach of contract under California law.

70. Alternatively, if an Unknown Party Defendant controls AuthenticDirect and is also a Future Motion dealer, then the Unknown Party's activities constitute breach of contract under California law.

/ / /

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

71. Future Motion hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth herein.

72. Defendants' actions described herein, including Defendants' unauthorized online sale of products under the Future Motion Trademarks, without warranty, constitute infringement, misrepresentation, and misappropriation of the Future Motion Trademarks and unfair competition with Future Motion in violation of Future Motion's rights under the common law of the State of California.

73. As a direct and proximate result of the acts of unfair competition alleged herein, Future Motion has suffered and will continue to suffer loss of income, profits and goodwill, and Mr. Herbert and/or an Unknown Party Defendant have unfairly acquired, and will continue to unfairly acquire, income, profits and goodwill.

74. The acts of unfair competition alleged herein will cause further irreparable injury to Future Motion if Defendants are not restrained by this Court from further violation of Future Motion's rights. Future Motion has no adequate remedy at law.

75. Defendant Mr. Herbert's activities, or those of an Unknown Party Defendant, have caused confusion or are likely to cause confusion among Future Motion's customers and potential customers.

76. Upon information and belief, the activities alleged herein are done with willful intent to cause confusion.

77. The actions alleged herein have caused and will continue to cause irreparable harm and damage to Future Motion.

78. Upon information and belief, Defendant Mr. Herbert or an Unknown Party Defendant has engaged in the conduct described herein willfully, intentionally, knowingly, and in reckless disregard of the obvious and inevitable injurious consequences of this conduct to Future Motion. In using the Future Motion Trademarks in connection with the sale of materially different products lacking in a manufacturer's warranty and which have been stored and shipped outside

Future Motion's control, Defendant Mr. Herbert or an Unknown Party Defendant has a bad-faith intent to trade on and profit from Future Motion's hard-earned goodwill and reputation and to confuse and mislead the public.

### FIFTH CLAIM FOR RELIEF

### (Statutory Unfair Competition

### California Business and Professions Code § 172 et seq.)

79. Future Motion hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth herein.

80. Defendants' actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to Cal. Business and Professions Code § 17200.

81. As a proximate result of Defendants' actions, Future Motion has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of the Future Motion Trademarks. Future Motion therefore has standing to assert this claim pursuant to Cal. Business and Professions Code § 17204.

82. Defendants' actions have caused, and will continue to cause, Future Motion to suffer irreparable harm unless enjoined by this Court pursuant to Cal. Business and Professions Code § 17203. In addition, Future Motion requests that the Court order that Defendants disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order that Defendants pay restitution to Future Motion in an amount to be proven at trial.

### RESERVATION OF RIGHTS

83. Future Motion is still investigating this matter and has not yet had an opportunity to conduct any discovery, and therefore reserves the right to raise such additional claims as may be appropriate upon further investigation and discovery.

### PRAYER FOR RELIEF

In view of the foregoing, Plaintiff Future Motion prays for judgment as follows:

(a) For an award of Defendants' profits and Future Motion's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114;

(b)     For an award of Defendants' profits and Future Motion's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

(c)     For temporary, preliminary and permanent injunctive relief from this Court under 15 U.S.C. §1116(a), and/or under California law, prohibiting Defendants from engaging or continuing to engage in the unlawful or unfair business acts or practices described herein, or in further breaches of contract, including the unauthorized use of any Future Motion trademark right; acts of trademark infringement; false designation of origin; unfair competition; and any other act in derogation of Future Motion's rights;

(d)     For preliminary and permanent injunctive relief restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the Future Motion Trademarks; (2) any other designation that is likely to cause dilution of the distinctiveness of the Future Motion Trademarks or injury to Future Motion's business reputation; or (3) any other name, mark or term in a manner likely to cause mistake in the mind of the public or to deceive the public into the belief that online resales of materially different Future Motion products are in any way authorized by Future Motion;

(e)     For a declaration that Defendants' infringement, breach of contract and other wrongful acts herein alleged be determined deliberate, willful, and/or reckless in disregard of Future Motion's rights;

(f)     For a grant of an award to Future Motion of Defendants' gross and net sales, revenues, and profits received or derived by Defendants or their affiliates from use of the Future Motion Trademarks in connection with online sales of materially different products, and/or to award such other relief as may be available pursuant to 15 U.S.C. § 1117, and other applicable federal and state law;

(g)     For a finding that this case is an "exceptional case" within the meaning of 15 U.S.C. § 1117(a);

(h) For an award of treble damages to Future Motion, together with costs, interest, and reasonable attorneys' fees as permitted by 15 U.S.C. § 1117(a);

(i) For an award to Future Motion of all damages, costs, disbursements, pre-judgment and post-judgement interest, expenses, and attorneys' fees owed to Future Motion pursuant to the Lanham Act, and other applicable federal and state laws, by reason of Defendant's deliberate, willful, conscious, and/or reckless infringement of Future Motion's intellectual property rights; and

(j) For such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff Future Motion hereby demands a trial by jury of all issues so triable.

DATED:  March 6, 2020                WENDEL ROSEN LLP

By: */s/ Eugene M. Pak*
Eugene M. Pak
Attorneys for Plaintiff Future Motion, Inc.