UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FUTURE MOTION, INC.,

Plaintiff,

v.

STEPHEN HERBERT,

Defendant.

Case No. 3:20-cv-01647-EJD

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 6

On March 6, 2020, Plaintiff Future Motion, Inc. filed, ex parte, a motion for a temporary restraining order against Defendant Stephen Herbert. Ex Parte Motion for TRO and Preliminary Injunction ("TRO Mot."), Dkt. No 6. On March 10, 2020 the case was reassigned to the undersigned. Dkt. No. 17. For the reasons discussed below, the Court **DENIES** the motion.

This case arises under California contract law and the Lanham Act. Plaintiff creates and sells the ONEWHEEL ®, which is a "self-balancing electric vehicle." TRO Mot. at 6. Plaintiff requires all of its distributors and dealers to sign an agreement that includes various restrictions on pricing, advertising, and other dealer activities. *Id.* at 7. Dealers must agree to sell Plaintiff's products from brick-and-mortar stores—Plaintiff prohibits its dealers from selling the ONEWHEEL ® online due to safety concerns. *Id.* Plaintiff's "vehicles" use high-density lithium ion batters, which can be damaged if stored or shipped improperly. *Id.* Improper storage or shipping could lead to unexpected battery failure and result in rider injury or even death. *Id.* at 7–8.

Defendant, doing business as "Tactical Sky," signed a dealer agreement with Future

Motion in 2017. *Id.* at 2. Plaintiff alleges (and provides evidence) that Defendant has been selling Plaintiff's vehicles on Amazon.com through the storefront "AuthenticDirect." *Id.* at 8; *see also id.* at 8–9 (stating that Plaintiff repurchased from the "AuthenticDirect" online store front one of the wheels Defendant bought from Plaintiff as part of Defendant's wholesale-dealer); *see also id.* at 9 (stating that Defendant failed to respond to Plaintiff's demand letter).[1] Defendant is allegedly using "AuthenticDirect" to disguise his online sales. *Id.* at 2. According to Plaintiff, these online sales breach the dealer agreement and violate the Lanham Act. *Id.* at 8–9. Plaintiff now seeks a temporary restraining order and for an order to show cause requiring Defendant to demonstrate why the Court should not issue a preliminary injunction continuing the relief granted in the temporary restraining order. *See id.* at 19–20.

"The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction." *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016). "A plaintiff seeking either remedy must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (internal citation and quotation omitted). On a temporary restraining order, a plaintiff must demonstrate that there exists a *significant* threat of irreparable injury. *See, e.g.*, *Baker DC v. NLRB*, 102 F. Supp. 3d 194, 198 (D.D.C. 2015).

Here, Plaintiff has failed to show that a significant threat of irreparable harm exists. Plaintiff argues that they are harmed by: the loss of Future Motion's exclusive trademark rights resulting in consumer confusion about the material qualities of Future Motion's products, "immeasurable damage" to Future Motion's standing as the only authorized online seller of its products, and irreparable harm to Future Motion's hard-earned goodwill and reputation among consumers, when online purchasers discover that the products they purchased are not covered by

---

[1] The Court notes that Plaintiff alleges Defendant Herbert controls Tactical Sky and AuthenticDirect. Accordingly, for purposes of this TRO, the Court treats these parties the same.

the Future Motion warranty, and were stored and shipped in uncontrolled conditions, which could cause the batteries to explode and cause injury. *Id.* at 15. The Court is unclear what "immeasurable damage" or "market-share harm" Plaintiff refers to. By Plaintiff's own admission, Defendant <u>lawfully</u> purchased the wheels from Plaintiff. *See* TRO Mot. at 2. Hence, Plaintiff has not lost money or market share from Defendant's online store—Defendant bought the wheel from Plaintiff, paid money to Plaintiff for the wheel, and then resold the wheel online, in violation of the Parties' contract. Plaintiff has thus suffered contractual harms, which can be remedied by economic damages. Furthermore, Plaintiff controls the distribution of wheels. It can stop Defendant's online sales by ceasing to provide Defendant with products.

Additionally, Plaintiff provides this Court with *no* evidence that the lithium ion batteries are actually imploding. Speculation does not meet the burden to show that a "significant threat of irreparable injury" exists. *See Baker DC*, 102 F. Supp. 3d at 198. Finally, goodwill and reputational harm can be quantified and redressed through economic damages. Plaintiff has not shown evidence to the contrary. For these reasons, Plaintiff has not met its burden and the Court **DENIES** Plaintiff's motion for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: March 11, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 3:20-cv-01647-EJD
ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY
RESTRAINING ORDER

3